Fecteau, J.
Plaintiffs Edmond Plante and Curtis Plante, as trustees of Lover’s Leap Realty Trust (the Plantes), bring this action against defendant, David Wylie for state civil rights violations (Count I), violations of the Federal RICO statute (Count II) and unfair and deceptive acts or practices in violation of G.L.c. 93A (Count III). Wylie now moves to dismiss the Plantes’ complaint under G.L.c. 231, §59H, asserting that the actions complained of occurred during the exercise of his right to petition the government or alternatively for failure to state a claim for which relief can be granted, pursuant to Mass.R.Civ.P. 12(b)(6). Wylie further argues that the Plantes’ claims are barred because, as an attorney, he is immune from liability to third parties for actions taken in furtherance of the representation of his clients. The Plantes respond that Wylie’s actions do not fall under the protections of Section 59H because the claims are not based on the defendant’s exercise of his right of petition and that they have met the minimum notice pleading requirements for each of their claims to survive a motion to dismiss.

BACKGROUND

This case involves a land dispute between the Bolton Conservation Trust (the Trust) and the Trustees of Lover’s Leap Realty Trust, Edmond Plante and Curtis Plante. The defendant here, David Wylie, is an attorney and counsel for the Trust. The land dispute involves several parcels of land on Berlin Road in Bolton, Massachusetts, which were part of a larger parcel that the Plantes had acquired and were developing into a residential subdivision. During the course of the project, engineers for the Plantes discovered ambiguities on the western boundary of a particular parcel and met with the owners of the abutting land, Roger and Anna Ela, to attempt to resolve the boundary dispute. Mr. Ela passed away before an agreement was reached and the Elas’ daughter, Nancy Caisse stepped in to assist her mother with the issue.
In November 1998, Caisse, Bonnie Potter, President of the Bolton Conservation Trust, and Wylie met with Edmond Plante to review their respective title searches and discuss possible resolutions. Wylie summarized their meeting in a letter to Plante several weeks later, but the title issue remained unresolved. Plante filed a petition with the Bolton Planning Board on August 19, 1999 requesting an extension of his subdivision by enlarging the one lot and creating a new one on the Berlin Road land, for which title was still in dispute. The Elas deeded the rights to a parcel of their land to the Trust on October 13, 1999; the parcel abutted several of the already developed houselots in the Plantes’ subdivision as well as the undeveloped parcels. Wylie appeared before the Planning Board on behalf of the Trust at hearings to oppose the petition on October 13, 1999, December 1, 1999 and March 8, 2000, asserting that Plante had misinterpreted the boundaries for the lots in question and encompassed an extra six to seven acres.
The Trust hired its own engineers in November 1999 to assist in the title resolution and discovered *664 information that led them to believe that the Trust owned title to 714 acres of land that the Plantes claimed to own, part of which was already developed. Wylie contacted Attorney David Philbin, then counsel to the Plantes, to inform him of the issue and arranged for a meeting to go over the plans. The meeting was held on December 21, 1999 in the offices of the Plante’s engineer, with Philbin present. In January, Wylie, with notice to Philbin, met with the five homeowners from the subdivision whose title might be affected by the Trust's information and informed them to seek advice from their own counsel and title insurance companies.
Wylie sent a letter to Philbin on February 4, 2000 and made an offer that proposed to settle the matter as to all of the title and land disputes with regard to the subdivision on Berlin Road. When advised by Philbin a few weeks later that he was no longer legal counsel to the Plantes, Wylie sent a follow-up letter to Edmond Plante; he received no response. After discovering on March 6, 2000 that heavy equipment and trucks were gathering on the site of the land at issue, Potter requested that Wylie obtain a restraining order on behalf of the Trust. On March 7, 2000, Wylie filed a complaint and motion for a temporary restraining order in the Land Court.[2] Following a hearing on March 13, 2000, that court issued a preliminary injuction against the Plantes’ development of the disputed land.
The Plantes voluntarily withdrew their petition to the Planning Board, without prejudice, on April 5, 2000. The complaint against Wylie in this action was filed by the Plantes, as trustees of Lover’s Leap, on May 18, 2000.

DISCUSSION

Wylie moves to dismiss the Plantes’ complaint under G.L.c. 231, §59H, asserting that the actions complained of occurred solely during the exercise of his right to petition the government representing his client, the Bolton Conservation Trust. The Plantes contend their claims against Wylie are not based, in whole or in part, on his right of petition on behalf of the Trust.
I. General Laws c. 231, §59H
Commonly known as the anti-SLAPP (strategic litigation against public participation) statute, G.L.c. 231, §59H was enacted to frustrate lawsuits that appeared to be designed to chill citizens’ lawful exercise of their right to petition the government for redress of grievances. See Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156, 161 (1998). SLAPP suits are meritless suits brought not to seek redress, but to deter, intimidate or punish citizens who either will or have “reported violations of law, written to government officials or testified before governmental bodies.” Id. at 161-64.
Specifically, Section 59H protects citizens by enabling a defendant to bring a “special motion to dismiss” if a civil claim against him is based on the defendant’s exercise of his constitutional “right of petition.” G.L.c. 231, §59H. The focus of Section 59H is on the petitioning activity that the defendant asserts bars the plaintiffs claims, not on the plaintiffs claims. Duracraft, supra at 165. Before this court may properly consider the merits of such a special motion to dismiss, the moving party, Wylie, must make a threshold showing that the claims made against him are based on petitioning activities alone and have no substantial basis other than, or in addition to, those activities. Id. at 167-68. The anti-SLAPP statute broadly defines a party’s “exercise of a right of petition" to include:
[A]ny written or oral statement made before or submitted to a legislative, executive or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition to government.
G.L.c. 231, §59H. If Wylie satisfies that initial hurdle, the burden shifts to the Plantes to show that Wylie’s exercise of his right of petition was devoid of any reasonable factual support or any arguable basis in law and that Wylie’s actions caused them actual injury. See Duracraft, supra at 168.
In his affidavit, Wylie states that as counsel to the Trust, he met with Edmond Plante beginning in November 1998 in connection with the Trust’s dispute over land located at or near West Berlin Road in Bolton. He later represented the Trust before the Bolton Planning Board at three hearings held between October 1999 and March 2000 with respect to a petition filed by Edmond Plante regarding the land in question. During this period, he was also involved with the Trust’s opposition to Lover’s Leap request for septic approval for the subdivision before the Bolton Board of Health. After the Trust’s engineers discovered a potentially significant title problem that affected land that had been deeded over to the Trust, Wylie met with the Plantes and their counsel and attempted to settle the matter. When the settlement efforts became futile and the Plantes were poised to begin excavating the very land in dispute, the Trust filed suit in the Land Court on March 7, 2000, seeking a declaratory judgment as to the owner of the disputed land and to enjoin the Plantes from development of the land until the issue was resolved.
*665 Although all of the communications between Wylie and the Plantes related to the land dispute between Lover’s Leap and the Trust, and his efforts before several town boards and the Land Court are considered Section 59H petitioning activities, the claims made against him are not based on his petitioning activities alone. See Duracraft, supra at 167-68. Given the timing of this action, filed approximately two months after the Plantes were enjoined from developing the land, it would be unreasonable to infer that the Plantes’ decision to file the subject action against Wylie was not affected in some way by that lawsuit.[3] In his own affidavit, however, Wylie refers to communications and activities that took place before the land court case that did not relate to the petitioning activity before the town boards. Specifically, the Trust’s communications with the Plantes relating to the title issue discovered by their engineers and attempts to resolve the matter relate to the Trust’s interests in resolving its own dispute, distinct from the petitions before the town boards. Because the claims against Wylie include activities in addition to his petitioning activities, see G.L.c. 231, §59H, he has not made the requisite showing for a Section 59H special motion to dismiss, and the motion must be DENIED.
II. Rule 12(b)(6) Motion to Dismiss
If matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Mass.R.Civ.P. 12(b)(6). The purpose of notice is to ensure that neither party is taken by surprise by a judge’s reliance on material outside the pleadings and thereby deprived of an opportunity to present further evidence in response. White v. Peabody Construction Co., Inc., 386 Mass. 121, 127 (1982). As such, the court will convert the motion to dismiss to a summary judgment motion and the parties will be given a reasonable opportunity to present material pertinent to the summary judgment motion at their request.

ORDER

It is therefore ORDERED that the defendant’s special motion to dismiss under G.L.c. 231, §59H is DENIED. It is further ORDERED that the motion to dismiss will be converted to a summary judgment and the parties will be given reasonable time to present material pertinent to a summary judgment motion at their request.

The counts alleged in the Trust's Amended Complaint in the Land Court (No. 262668) against Lover’s Leap and the Plantes include a request for declaratory judgment that the Trust is the owner of the disputed land, a count for trespass, wrongful interference and violation of G.L.c. 242, §7 (willfully cutting trees). The Plantes filed a counterclaim in that action.

This is notwithstanding the fact that the plaintiffs mentioned neither the Land Court suit, nor any of the defendant’s dealings with the town boards in either the complaint or amended complaint. This was presumably an effort to preclude a special motion to dismiss under G.L.c. 231, §59H. As is discussed infra, this is not of import as the focus of the first prong of a Section 59H is on the petitioning activity that the defendant asserts bars the plaintiffs, not on the plaintiffs claims. See Duracraft, supra at 165 (emphasis added).